UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
WILBERSY OVAEZ, on behalf of herself and others similarly
situated,

                                     Plaintiff,

                    -against-

RICO CHIMI BROOKLYN, INC. d/b/a RICO CHIMI,
SOENI ACOSTA and DIEGO ACOSTA,

                                   Defendants.
---------------------------------------------------------------------------X

Civil Action No.:

**COLLECTIVE
ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

       Plaintiff, Wilbersy Ovaez ("Plaintiff"), on behalf of herself and others similarly situated, by her attorneys, Law Offices of Yale Pollack, P.C., as and for her Complaint against Defendants, Rico Chimi Brooklyn, Inc. d/b/a Rico Chimi, Soeni Acosta and Diego Acosta (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

       1.    Plaintiff brings this action, on behalf of herself and other current and former employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA"). Plaintiff seeks, for herself and other similarly situated employees, unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

       2.    Plaintiff also brings this action to remedy violations of New York State Labor Law, including New York Labor Law §§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R. §142-2.2. Plaintiff seeks unpaid wages, statutory damages, pre- and post- judgment interest,

reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

3.      Plaintiff also brings this action discrimination and retaliation based on her termination in violation of the New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law (the "NYSHRL"), for which she seeks compensatory damages, interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief.

## ADMINISTRATIVE PROCEDURES

4.      Plaintiff intends to file a Charge of Discrimination with the Equal Employment Opportunity Commission for violations of Title VII of the Civil Rights Act of 1964, Pregnant Worker's Fairness Act ("PWFA") and Americans with Disabilities Act ("ADA"), and, if filed, will amend this action to include those claims at the appropriate time.

5.      Pursuant to NYCHRL §8-502, Plaintiff will serve a copy of this Complaint upon the New York City Commission on Human Rights and the New York City Law Department, Office of Corporation Counsel.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

7.      Jurisdiction of this Court over Plaintiff's NYLL, NYCHRL, and NYSHRL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL, NYCHRL and NYSHRL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

8.      Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events

giving rise to the claims occurred within Eastern District and the residence of Defendants is within the Eastern District.

## PARTIES

9.      Plaintiff is an individual who resides in the County of Kings, State of New York.

10.     At all relevant times set forth herein, Plaintiff worked in the County of Kings, State of New York for Defendants.

11.     Upon information and belief, Defendant Rico Chimi Brooklyn, Inc. d/b/a Rico Chimi ("Rico Chimi") is a domestic corporation with its principal place of business located at 2828 Atlantic Avenue, Brooklyn, New York 11207.

12.     Upon information and belief, Defendant Diego Acosta ("Diego") is an owner, officer, director and/or majority shareholder of Rico Chimi.

13.     Upon information and belief, Defendant Soeni Acosta ("Soeni") is an owner, officer, director and/or majority shareholder of Rico Chimi.

14.     At all relevant times mentioned herein, Diego and Soeni (the "Individual Defendants") had the power to hire, fire, and control the wages and working conditions of Plaintiff and the FLSA Collective Plaintiffs.

15.     The Individual Defendants had authority to, and did in fact, exercise operational control over Rico Chimi.

16.     The Individual Defendants set the manner by which Plaintiff and the FLSA Collective Plaintiffs were to be paid while employed by Rico Chimi.

17.     Dell also participated and/or condoned the discrimination and retaliation of Plaintiff, as more fully set forth herein.

18.     At all times relevant, Defendants were covered by the FLSA, the NYLL, the

NYCHRL and the NYSHRL.

19.     Defendants maintained a common policy and practice of, *inter alia*, not paying employees for all hours worked during their employment or otherwise notifying them of their rights under the law.

20.     At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

21.     Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

22.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA, NYLL, NYCHRL and NYSHRL.

## FACTUAL ALLEGATIONS

23.     Plaintiff was hired by Defendants to work at Rico Chimi in the beginning of February 2021.

24.     Plaintiff was hired by Diego.

25.     In her role at Rico Chimi, Plaintiff was responsible for, among other things, performing work at the cash register for Defendants' restaurant, as well as performing other miscellaneous work, such as cleaning the premises.

**A.      Collective Allegations**

26.     During her employment, Plaintiff worked the following schedule:

- Mondays – 6:00 p.m. to 12:00 a.m.

- Tuesdays – 6:00 p.m. to 12:00 a.m.

- Thursdays – 6:00 p.m. to 3:00 a.m.

- Fridays – 6:00 p.m. to 3:00 a.m.

- Saturdays – 6:00 p.m. to 4:00 a.m.

- Sundays – either 11:00 a.m. to 6:00 p.m. or 6:00 p.m. to 2:00 a.m.

27.     At no time throughout her day was Plaintiff permitted to take a break.

28.     In exchange for her services, Plaintiff was paid $13.00 per hour.

29.     Plaintiff did not receive premium pay at time and one half of her regular rate of pay for hours worked in excess of forty per week.

30.     Plaintiff was paid in cash.

31.     A more precise statement of the hours Plaintiff and the FLSA Collective Plaintiffs worked, and wages Plaintiff and the FLSA Collective Plaintiffs received, may be made when Plaintiff obtains the records in the course of discovery Defendants are required to keep under the NYLL.

32.     On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff and the putative collective members should be tolled due to the failure to provide appropriate and required notice of the law.

**B.     Individual Allegations**

33.     In February 2023, Plaintiff informed the Individual Defendants that she was pregnant.

34.     Despite being there for over two years by that time, at no time prior to this date had Plaintiff received an employee handbook advising her of, among other things, her rights under the law, including her rights to certain leave and rights to complain if she felt she was the victim of discrimination or harassment in the workplace.

35.     Within a month of advising the Individual Defendants of her pregnancy, Plaintiff's

schedule was changed.

36.     From March 31, 2023 until her termination on June 8, 2023, Plaintiff worked the following schedule:

- Tuesdays – 6:00 p.m. to 12:00 a.m.

- Thursdays – 6:00 p.m. to 1:00 a.m.

- Fridays – 6:00 p.m. to 12:00 a.m.

- Saturdays – 6:00 p.m. to 4:00 a.m.

- Sundays –6:00 p.m. to 12:00 a.m.

37.     There was no justifiable reason to change Plaintiff's schedule to reduce her hours as of March 31, 2023.

38.     Despite having the above schedule, Plaintiff would still work one of her days off – Monday or Wednesday – which hours and days were not recorded.

39.     When working these Mondays or Wednesdays, Plaintiff would work from either 6:00 p.m. until 12:00 a.m., or 11:30 a.m. until 6:00 p.m.

40.     On April 1, 2023, Plaintiff performed heavier activities than usual at work, resulting in her bleeding.

41.     Plaintiff ended up leaving work at 10:00 p.m. that evening to go to the hospital to address the bleeding.

42.     By this time, Plaintiff would have accrued enough sick hours under New York City's Sick and Safe Time Act to be able to recover from her injuries.

43.     Plaintiff's doctor told her that she should rest the following day, April 2, 2023, in bed.

44.     Prior to April 2, 2023, Plaintiff had not missed a single day of work.

45.    Plaintiff returned to work on April 3, 2023 to resume her regular schedule.

46.    On June 8, 2023, the Individual Defendants called Plaintiff to advise her that she should not come back to work.

47.    The reason: Plaintiff's condition (i.e. pregnancy) would not allow her to continue working for Defendants because she was only bringing problems.

48.    At no time prior to her termination did Defendants ever engage in any interactive process or cooperative dialogue with Plaintiff prior to terminating her employment based on her disabilities or perceived disabilities.

## COLLECTIVE ACTION ALLEGATIONS

49.    Plaintiff brings Counts One and Two as a collective action pursuant to Section 216(b) of the FLSA, on behalf of herself and others similarly situated, which shall include:

> All non-exempt who work or worked for Defendants three (3) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter who elect to opt-into this action (the "FLSA Collective Plaintiffs").

50.    At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to timely pay them the legally required minimum and overtime wages for all hours worked.

51.    Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other tipped employees who worked for Defendants to receive notice of the action and allow them to opt-in to such an action if they so choose.

52.     Counts One and Two are properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA. The FLSA Collective Plaintiffs are readily ascertainable from records that Defendants are required by law to maintain. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

## COUNT ONE
### (Failure to Pay Minimum Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

53.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all allegations in all preceding paragraphs.

54.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

55.     Defendants were required to pay directly to Plaintiffs and the FLSA Collective Plaintiffs at least the applicable minimum wage rates for all hours worked.

56.     Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the minimum wages to which they are entitled under the FLSA.

57.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

58.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

59.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

60.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

61.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT TWO
### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

62.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

64.     During her employment, Plaintiff and the FLSA Collective Plaintiffs regularly worked overtime, without receiving any premium pay for hours worked in excess of forty per workweek.

65.     At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages to which she is entitled.

66.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT THREE
### (Failure to Pay Minimum Wages – NYLL, Brought by Plaintiff)

67.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

69.    At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

70.    Defendants have failed to pay Plaintiff the minimum hourly wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

71.    Pursuant to the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff the full minimum wage at a rate in New York City to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

72.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the Class Members, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

73.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT FOUR
### (Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff)

74.    Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

75.     The NYLL requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

76.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

77.     At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

78.     Defendants have failed to pay Plaintiff the overtime wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

79.     Pursuant to the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff the unpaid overtime wages to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

80.     Through their knowing or intentional failure to pay overtime wages to Plaintiff, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

81.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT FIVE**
**(Wage Notice Violations – NYLL, Brought by Plaintiff)**

82.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully

set forth herein.

83.    Defendants failed to furnish Plaintiff with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary

84.    Due to Defendants' violations of NYLL §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

85.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

## COUNT SIX
### (Wage Statement Violations – NYLL, Brought by Plaintiff)

86.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

87.    Defendants failed to furnish Plaintiff with a statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

88.    Due to Defendants' violations of NYLL §195(3), Plaintiffs IS entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs with proper wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## COUNT SEVEN
### (Discrimination Based on Disability in Violation of the NYCHRL)

89.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

90.    Defendants violated the NYCHRL when they terminated Plaintiff's employment because of her disabilities and/or perceived disabilities.

91.    Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

92.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT EIGHT
### (Discrimination Based on Pregnancy in Violation of the NYCHRL)

93.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

94.    Defendants violated the NYCHRL when they terminated Plaintiff's employment

because of her pregnancy.

95.    Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

96.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT NINE
### (Discrimination Based on Disability in Violation of the NYSHRL)

97.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

98.    Defendants violated the NYSHRL when it terminated Plaintiff's employment because of her disabilities and/or perceived disabilities.

99.    Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

100.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT TEN
### (Discrimination Based on Pregnancy in Violation of the NYCHRL)

101.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

102.    Defendants violated the NYCHRL when it terminated Plaintiff's employment because of her pregnancy.

103.    Defendants acted intentionally and with malice and/or reckless indifference to

Plaintiff's statutorily protected rights.

104.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT ELEVEN
### (Retaliation in Violation of the NYCHRL)

105.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

106.    Plaintiff participated in protected activities under the NYCHRL by, among other things, seeking medical treatment to care for her injuries and complaining of harassment in the workplace.

107.    After lodging her complaints to Defendants, she was terminated.

108.    Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

109.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including past wages and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT TWELVE
### (Retaliation in Violation of the NYSHRL)

110.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

111.    Plaintiff participated in protected activities under the NYSHRL by, among other things, seeking medical treatment to care for her injuries and complaining of harassment in the workplace.

112.    After lodging her complaints to Defendants, she was terminated.

113.    Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

114.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including past wages and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

**COUNT THIRTEEN**
**(Aiding and Abetting Discrimination in Violation of the NYCHRL)**

115.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

116.    As a result of the aforementioned actions, the Individual Defendants discriminated against Plaintiff on account of her pregnancy and/or disability with respect to the terms, conditions and privileges of her employment in violation of the NYCHRL.

117.    The Individual Defendants violated the NYCHRL by aiding, abetting, inciting and coercing the unlawful discrimination set forth in this Complaint.

118.    The Individual Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

119.    As a result of the Individual Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and future lost wages and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

**COUNT FOURTEEN**
**(Aiding and Abetting Discrimination in Violation of the NYSHRL)**

120.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully

set forth herein.

121.     As a result of the aforementioned actions, the Individual Defendants discriminated against Plaintiff on account of her pregnancy and/or disability with respect to the terms, conditions and privileges of her employment in violation of the NYSHRL.

122.     The Individual Defendants violated the NYSHRL by aiding, abetting, inciting and coercing the unlawful discrimination set forth in this Complaint.

123.     The Individual Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

124.     As a result of the Individual Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and future lost wages and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## JURY DEMAND

Plaintiff, on behalf of herself, and the FLSA Collective Plaintiffs, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

## BCL §630 NOTICE AND DEMAND

Pursuant to New York Business Corporation Law ("BCL") §630, Plaintiff hereby advises that it intends to hold Rico Chimi's top ten shareholders and/or members liable for the unpaid wages referenced herein.  Further, Plaintiff demands that Rico Chimi permit an examination of its record of shareholders under BCL §624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and behalf of herself and the FLSA Collective Plaintiffs prays

for relief as follows:

A.      Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective Plaintiffs, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.      Awarding Plaintiff and similarly situated co-workers damages for the amount of unpaid wages under the FLSA and/or the NYLL, including unpaid minimum wages, overtime wages spread of hours, and gratuities;

C.      Awarding Plaintiff and similarly situated co-workers liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

D.      Awarding Plaintiff compensatory damages, lost wages, emotional distress damages, liquidated damages, interest, attorneys' fees and costs for her age and disability discrimination, and retaliation claims under the NYCHRL and the NYSHRL;

E.      Awarding pre- and post-judgment interest as permitted under the law;

F.      Awarding the costs of this action together with reasonable attorneys' fees; and

G.      Granting such other and further relief as this Court deems necessary and proper.

Dated: September 29, 2023
      Syosset, New York

                    Respectfully submitted,
                    **LAW OFFICES OF YALE POLLACK, P.C.**

                    By: _____
                        Yale Pollack, Esq.
                    66 Split Rock Road
                    Syosset, New York 11791
                    (516) 634-6340
                    ypollack@yalepollacklaw.com
                    *Attorneys for Plaintiff and FLSA Collective Plaintiffs*